## No 9198.

### THE STATE OF LOUISIANA VS. CUMMINGS NELSON.

The caption of a record is a notification from an inferior to a superior court, of the title of a case, its origin, progress, and determination. showing time, place and authority. Where a record discloses those particulars, it is such condition as authorizes the appellate court to consider and pass upon the matters presented. It is not necessary that it should show, where the cause was decided, or that the term at which it was determined, was a legal one, where the law fixes the place where the court holds its sessions and regulates the terms for the trial of cases. Objections on that score, where there are grounds therefore, should be urged below and if overruled, reversed by bill.

Entries in the minutes (*all in presence of accused*) in a capital case, sufficiently indicate the presence of the accused, *in person*, in open court, although the fact might have been made to appear in a more explicit and better form.

APPEAL from the Nineteenth District Court, Parish of Terrebonne Goode, J

J. C. Egan, Attorney General, for the State, Appellee.

C. H. Luzenberg for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The accused appeals from a sentence of death, on a conviction of murder.

He assigns as error:

1. That there is no caption in the record.

2. That the record does not affirmatively show that he was present at the trial.

### I.

The caption of a record is a notification from an inferior to a superior court of the title of a case and whence it came, to enable the latter to determine the matters presented. It is also that part of a legal instrument as a commission, indictment, etc., which shows *when, where* and *by what authority* it was taken, found or executed. Bouvier, L. D., Vo. caption.

The transcript brought up by the appellant appears to be complete on its face. It contains documents and minute entries bearing the title of the cause; the time at which filed or made; that the accused was duly indicted; that the grand jury came into open court and through their foreman presented the indictment on which they had found a true bill, endorsed and signed thereon; that the court ordered the same to be filed and recorded; that the accused was formally arraigned; that the petit jury was regularly drawn, empanelled and sworn; that the trial was legally proceeded with; that the jury ren-

dered their verdict of guilty; that the accused moved for a new trial, which was refused; that the judgment and sentence of the court were passed upon him; and that he appealed to this Court.

The clerk's certificate is in the usual form. It attests that the record contains a true and correct transcript of all the proceedings had, etc., in the case, wherein the State of Louisiana is plaintiff and Cummings Nelson is defendant, on the docket of the Nineteenth Judicial District Court, in and for the parish of Terrebonne, in this State. It is signed at Houma, where the court is by law required to hold its sessions. It is dated April 2, 1884, and bears the impress of the seal of the court there held.

Each and every instrument, document or proceeding establishes when, where and by what authority it was prepared, had or carried on.

The objection that the record does not state where the court was held by which the accused was tried, convicted and sentenced, does not seem to be well founded.

The court is one of general jurisdiction and competent to hear and try the case. It was unnecessary to show explicitly in the transcript where it was held, or that the term when the case was tried was a legal one, as the place (the parish seat) is fixed by law and the terms of the court are fixed and regulated under the provisions of the statute, which it will be presumed the judge obeyed. If the court had held its session at another place, or during a term not a legal one, objection should have been made below and if overruled, a bill reserved, which was not done. Bishop Cr. Pro. secs. 1169, 1170; 2d Zabr. (N. J.) 212. See, also, 1 M. 221; 8 R. 591; 2 Ann. 744, 921; 3 Ann. 154.

There can be no doubt that at each step of the proceedings the accused, assisted by counsel, appears to have had full information of the cause of the prosecution and of the nature of the action, confronted his prosecutors, and to have had the benefit of a fair and impartial trial.

We, therefore, fail to see how the accused is injured by the record of the proceedings before us.

II.

The transcript discloses seven distinct entries in the minutes, showing expressly and formally that the accused was present at the trial, *in person*, from the incipiency throughout to the close of the proceedings in the lower court, even on the motion for a new trial, most explicitly during the whole of the trial, judgment and sentence. The minutes of the 14th, 15th and 28th March, on which the same was begun, proceeded with and concluded, establish expressly that all the

proceedings were regular and were had each day in the presence of the accused in open court.

The objection is, that this important circumstance of his presence is deducible only from the use of the words (*all in presence of the accused*) which follow the proces verbal or recital of the proceedings in open court, and are embraced within brackets. Hence, it is claimed that the entries are not made in compliance with the exigencies of the law.

It is no doubt true that the clerk of the court, who should keep the minutes so as to show all material facts, might have seen to a better observance of the forms usual on such occasions, in such an important case, in which the life of a fellow being was involved, by having the essential fact of his presence more distinctly stated and embodied in a more formal manner, in a full, entire, grammatical and comprehensive sentence; but the irregularity, such as it appears, is so slight that no court of justice entrusted with the maintenance of public order and tranquillity, and vested with the duty of bringing offenders and criminals to its bar for judgment, sentence and punishment, can take upon itself to annul the proceedings and remand the case.

The record substantially and sufficiently establishes that all the main proceedings in the case, to notice of which the accused was entitled, were legally brought to his knowledge; that they were instituted, carried on and conducted contradictorily with him, in his presence, in the manner and form pointed out by law; and that he has no legal cause of complaint.

When the transcript was filed, the death of the counsel appointed by the lower court having been suggested by the district judge in a laudable spirit of characteristic humanity, we made it our duty to designate to replace the deceased another counsel of acknowledged learning, ability, experience and charity, who has discharged the functions assigned to him in a manner which reflects credit on his industry, capacities and kindness, but which, however great, have proved unavailing to rescue the unfortunate criminal from the impending doom which he has voluntarily brought upon himself.

Judgment affirmed.